USDC SCAN INDEX SHEET

















SWD    2/8/06    16:34

3:06-CV-00291    LISNEVSKY V. HOMELAND SECURITY

*1*

*CMP.*



Alexander H. Lubarsky, CA Bar No.: 182691
Siskind Susser, PC
5400 Poplar Avenue, Suite 300
Memphis, TN 38119
(901) 682-6455

Bryant L. Stevenson, TN Bar No.: 023912
Siskind Susser, PC
5400 Poplar Avenue, Suite 300
Memphis, TN 38119
(901) 682-6455

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER A. LISNEVSKY )<br>(A# 075 785 715) )<br> )<br>                    Plaintiff, )<br>vs. )<br> )<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY ("DHS"); )<br>Department of Homeland Security )<br>Secretary MICHAEL CHERTOFF; USCIS )<br>Director EDUARDO AGUIRRE, JR.; )<br>USCIS California Service Center Director )<br>CHRISTINA POULOS; FEDERAL )<br>BUREAU OF INVESTIGATION ("FBI"); )<br>Director of The Federal Bureau of )<br>Investigation ROBERT MUELLER; FBI )<br>Records Management Division Section )<br>Chief MICHAEL A. CANNON; Attorney )<br>General of the United States ALBERTO )<br>GONZALEZ; and ALL UNKNOWN )<br>GOVERNMENT AGENCIES INVOLVED )<br>IN SECURITY CHECKS for Adjustment )<br>of Immigration Status Applications )<br> )<br>                    Defendants )| Case No. '06CV 0291   WQH CAB<br><br>COMPLAINT FOR MANDAMUS |

Plaintiff alleges:

1.  This action seeks to compel the United States Department of Homeland Security ("DHS") to complete the adjudication of the Plaintiff's Application for Naturalization based upon his status as a Permanent Resident and other qualifying factors, and to compel the Federal Bureau of Investigation ("FBI") to conduct the Name Check for the United States Citizenship and Immigration Services ("USCIS") as part of the application process.

## PARTIES

2.  The Plaintiff, Mr. Alexander Lisnevsky, is a current citizen of the Russian Federation, and has lived continuously in the U.S. since May 1991. He resides in San Diego, San Diego County, California with his wife and two U.S. citizen children.

3.  Defendant, the Department of Homeland Security, is a Federal agency that is mandated under the law through its Director, 8 USC Section 1103(a) to supervise, implement, and enforce the Immigration and Nationality Act, including Applications for Naturalization.

4.  Defendant, Michael Chertoff, is the duly appointed Secretary of the Department of Homeland Security and charged under the law 8 USC Section 1103(a) with supervising, implementing, and enforcing the Immigration and Nationality Act.

5.  Defendant, Eduardo Aguirre, Jr., is the duly appointed Director of United States Citizenship and Immigration Services (a bureau of the Department of Homeland Security), and charged under the law, 8 U.S.C. § 1103(c), with the implementation of benefits under the Immigration and Nationality Act.

6.  Defendant, Christina Poulos, is the duly appointed Director of the United States Citizenship and Immigration Services' California Service Center, charged with the authority to implement benefits under the Immigration and Nationality Act for individuals residing within the state of California.

7.  Defendant, Federal Bureau of Investigation, is a Federal agency that is charged under law to process name and security checks for applicants for naturalization through the Department of Homeland Security, United States Citizenship and Immigration Services.

8.  Defendant, Robert Mueller, is the duly appointed Director of the Federal Bureau of Investigation and charged under the law to process name and security checks for applicants for naturalization through the Department of Homeland Security, United States Citizenship and Immigration Services.

9.   Defendant, Michael A. Cannon, is the duly appointed FBI Records Management Division Section Chief, and is charged under law to process name and security checks for applicants for naturalization through the Department of Homeland Security, United States Citizenship and Immigration Services.

10.   Defendant, Alberto Gonzalez, is the duly appointed Attorney General of the United States and charged under the law with supervisory authority of the Department of Justice, including the Federal Bureau of Investigations, a Federal agency under the auspices of the Department of Justice, and has the authority on questions of law in relation to the Immigration and Nationality Act 8 U.S.C. § 1103(a)(1) & (g).

11.   Defendants, Unknown Government Agencies, are those additional government agencies unknown to the Plaintiff or Plaintiff's counsel, also involved with processing security checks for applicants for naturalization processed by the Department of Homeland Security.

12.   Any named defendant is sued in his official capacity only.

## JURISDICTION

13.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (mandamus action to compel officer of the U.S. Government to perform duty owed the Plaintiff). Additionally, this Court has jurisdiction under the Administrative Procedures Act, which directs agencies to conclude matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and stipulates that the "reviewing court shall ... compel agency action withheld or unreasonably delayed..." 5 U.S.C. § 706(1).

## VENUE

14.   28 U.S.C. Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. The Plaintiff is a resident within the Southern District of California, and the Defendants DHS and FBI are agencies that service and operate within this district.

## STATEMENT OF THE FACTS

14.   The Plaintiff is a current citizen of the Russian Federation. He has been a Permanent Resident of the United States since March of 1999, and applied for

naturalization in order to become a citizen of the United States in February of 2004, pursuant to 8 U.S.C. § 1445.

15.   The Plaintiff submitted an Application for Naturalization pursuant to 8 U.S.C. § 1445 with the USCIS California Service Center on February 20, 2004. As a routine part of the application process, the Plaintiff's name was submitted by the USCIS to the FBI for a Name Check shortly thereafter. The Plaintiff appeared for his Naturalization Initial Interview on August 31, 2004, and could not yet receive a decision since the FBI Name Check was still pending.

16.   Despite having submitted his application over a year and a half ago, the Plaintiff's application has yet to be adjudicated. This is due to the FBI failing to perform the Name Check procedure, and the USCIS failing to process his application in a timely manner. The Plaintiff has completed his initial Naturalization Interview, and the USCIS has confirmed that the delay in processing is due to the failure of the FBI to complete the processing of the Name Check.

17.   The Plaintiff desperately needs to obtain his citizenship. In addition to the general complications faced by the Plaintiff due to this delay, he seeks to petition for his wife to obtain an immigrant visa in order to keep his family together in the U.S. In his current status as a Permanent Resident, it would take a number of years before his wife would have a visa available to her. As a U.S. citizen, the Plaintiff would be able to obtain an immediately available immigrant visa for his wife, and would be able to keep himself, his wife, and his two U.S. citizen children together in the U.S., without the constant fear and risk of family separation. He has cooperated with the USCIS and the FBI, providing all requested documentation and timely completing each required step of the process. This extreme delay has caused a substantial hardship to the Plaintiff and his family, and neither agency has indicated that the delay will be resolved within a reasonable amount of time in the future.

19.   The Plaintiff has made numerous requests for relief directly to the USCIS after completion of his Naturalization Interview, and has been informed that his application is pending due to FBI Name Check checks. No estimation for processing could be given.

20.   The Plaintiff has made numerous requests for relief directly to the FBI. He has contacted the FBI on several occasions, and has not received any response, status update, or cooperation. Additionally, he has requested a copy of his records under FOIPA, and has been told that compliance with this request will take several months. The Plaintiff has sought assistance from the office of U.S. Congressman Darrel Issa, who has also been unable to obtain any response, status update, cooperation, or an estimate of completion from the FBI.

21.   Plaintiff's counsel mailed correspondence on September 22, 2005 to the FBI, the USCIS California Service Center and to Carol C. Lam, U.S. Attorney' Office in

an effort to seek a resolution to the problem without the need for court intervention and in a manner that would be most convenient to all parties. The correspondence requested that a response be sent within 14 of receipt. Despite Plaintiff's counsel allowing the agencies 30 days to respond, no agency involved made any effort to contact the Plaintiff's counsel. A second attempt to resolve the matter was made by way of letter on October 26, 2005. Again, no agency involved made any effort to contact the Plaintiff or his counsel.

## CLAIM FOR RELIEF

22.     Mandamus is proper if: (1) the Plaintiff can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S. Ct. 2013, 2022 (1984).

22.     The Defendant DHS has willfully, and unreasonably, delayed and refused to adjudicate the Application for Naturalization of the Plaintiff, thereby depriving the Plaintiff of the benefit and privilege of U.S. citizenship, to which he is eligible and entitled to under the Immigration and Nationality Act. The Defendant FBI has willfully, and unreasonably, delayed and refused to process the Plaintiff's Name Check, thereby depriving the Plaintiff of the benefit and privilege of U.S. citizenship, to which he is eligible and entitled to under the Immigration and Nationality Act.

23.     The Defendant FBI owes the Plaintiff the duty to process his Name Check. To delay a process that takes merely hours to complete for nearly a year and a half is completely unreasonable. The Defendant DHS owes the Plaintiff the duty to act upon his application in a timely manner, and have unreasonably failed to perform that duty despite having over a year and a half to do so. The San Diego Local Office, which processes the naturalization applications for the California Service Center, is currently processing applications received on July 1, 2005. Thus, by the Center's own estimates, currently filed applications are taking less than five months to be adjudicated. The Plaintiff filed his application with this office in February 2004, and his application has not been adjudicated after a delay of over twenty-two months. The Plaintiff has provided all relevant information, documentation, and facts to establish eligibility for naturalization, and has cooperated completely with all of requests.

24.     A strong humanitarian factor genuinely exist in this circumstance, as the Plaintiff has made every effort to timely file and to provide all necessary documentation to the government as required to obtain his U.S. citizenship, and has diligently followed-up with DHS and the FBI to obtain a timely decision in his case. The failure of the FBI to process the Name Check in a timely manner, and the failure

of DHS to adjudicate his application in a timely manner, has created and continues to create a major disruption in the life of the Plaintiff and his family.

25.    The Plaintiff has exhausted all administrative remedies that may exist, and has no other way to remedy the FBI's failure to complete the Name Check or DHS's failure to adjudicate the application. Despite a recent attempt through counsel to resolve the matter, the agencies involved remain unresponsive and uncooperative. The completion of the Name Check and the adjudication of the Plaintiff's application are non-discretionary ministerial acts that a Federal Court can order be done through a Writ of Mandamus pursuant to 28 U.S.C. § 1361.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court issue a Writ directing the Defendants to do the following:

1.    Under 28 U.S.C. § 1361, order the FBI to complete the Name Check on the Plaintiff immediately;

2.    Under 28 U.S.C. § 1361, order DHS to adjudicate the Plaintiff's application for Naturalization immediately;

3.    Grant the Plaintiff reasonable attorney fees and costs of this action;

4.    Grant such further relief as is just and equitable.

Respectfully Submitted:

Alexander H. Lubarsky,
Attorney for the Plaintiff

Bryant L. Stevenson,
Attorney for the Plaintiff

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I.(a) PLAINTIFFS**

ALEXANDER A. LISNEVSKY

**DEFENDANTS**

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.

FILED

06 FEB 07 PM 3:19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

ALEXANDER H. LUBARSKY
SISKIND SUSSER, PC
5400 POPLAR AVE., SUITE 300
MEMPHIS, TN 38119

**ATTORNEYS (IF KNOWN)**

'06CV 0291 _ WQH CAB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only) **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

ACTION IN THE NATURE OF MANDAMUS TO COMPEL ADMINISTRATIVE ACTION -- (28 U.S.C. 1331 (1361) AND 5 U.S.C. 701 et. seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

#121212  250 - MS

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)